## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | Case No. 23-21906-GLT |
| | ) | |
| MELONIE L KOTCHEY | ) | |
| | ) | |
| Debtor | ) | |
| _____) | | Chapter 7 |
| SYNDIKOS INVESTMENTS, LLC | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | Adversary Proceeding No. 24-02001-GLT |
| | ) | |
| MELONIE L KOTCHEY, | ) | |
| | ) | |
| Defendant. | ) | |

### AMENDED COMPLAINT SEEKING FINDING OF NONDISCHARGEABILITY PURSUANT TO 11 U.S.C. §523

And now, comes Syndikos Investments, LLC dba Compassionate Certification Centers

("Syndikos Investments"), by and through its undersigned counsel, pursuant to 11 U.S.C. §

523(a)(2), (4), and (6), Rules 4007 and 7001(6) of the Federal Rules of Bankruptcy Procedure,

and W.PA.LBR 7010-1, and hereby files this Amended Complaint against Melonie L. Kotchey

(the "Debtor"), and states and alleges as follows[1]:

### JURISDICTION AND VENUE

1.      This is a civil proceeding arising under Title 11 of the United States Code (the

"Bankruptcy Code"), or arising in or related to the above captioned bankruptcy case pending

under Chapter 7 of the Bankruptcy Code, 11 U.S.C. § 701, *et seq*.

---

[1] The only amendment is the addition of paragraph 66 for purposes of compliance with Rule 7008 of the Federal
Rules of Bankruptcy Procedure.

2.    This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334.

3.    The adversary proceeding is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(I).

4.    Venue is proper in accordance with 28 U.S.C. §1409.

## BACKGROUND

5.    Syndikos Investments is a limited liability company formed under the laws of the State of Delaware on or about September 15, 2015, and maintains its principal place of business at 220 South Main Street, Suite 105, Butler, Butler County, Pennsylvania.

6.    Syndikos Investments is engaged in the business of supplying medical services as well as health and wellness products.

7.    The Debtor resides in Etna, Allegheny County, Pennsylvania, and also maintains a residence in Brady's Bend Township, Armstrong County, Pennsylvania.

8.    The Debtor and Dr. Bryan Doner founded Syndikos Investments in or around 2015.

9.    The Debtor and Dr. Doner served as the original managing members of Syndikos Investments, and at the time jointly exercised the power to manage its business and affairs.

10.    In or around 2017, the Debtor was named chief executive officer ("CEO") of Syndikos Investments.

11.    On or around July 1, 2018, the Debtor and Dr. Doner executed Syndikos Investments' currently governing operating agreement, which sets forth, among other things, the respective rights and duties of its managing members (the "Operating Agreement").

**I. Debtor's Removal from Syndikos Investments' Operations**

12.     In August 2022, a former employee of Syndikos Investments contacted Dr. Doner to inform him of multiple instances during that former employee's time working for Syndikos Investments in which the Debtor engaged in behavior that the former employee perceived as wrongful or otherwise suspicious.

13.     In response to that information, Dr. Doner, in his role as a managing member of Syndikos Investments, commenced an internal investigation into the former employee's allegations.

14.     As described in more detail herein, that investigation has revealed, among other things, that during her tenure as managing member and CEO of Syndikos Investments, the Debtor engaged in a host of bad deeds including, among other things, embezzlement, fraud, and forgery.

15.     As a result of the preliminary findings in the aforementioned internal investigation, on September 12, 2022, a group of members of Syndikos Investments, who collectively own more than half of the company's equity ownership interests, exercised their collective authority under the Operating Agreement to remove the Debtor from her roles of managing member and CEO.

16.     Dr. Doner notified the Debtor of those developments at the beginning of the business day on September 13, 2022.

## II.  Retributive Campaign of Unlawful Interference with Syndikos Investments' Operations

### A.  Events Leading Up To Litigation In Butler County Court Of Common Pleas

17.     Following her ouster, the Debtor began a campaign of intentionally unlawful activity that has interfered with Syndikos Investments' ability to conduct business in the ordinary course and has caused Syndikos Investments to come face to face with its own solvency issues.

18.     Debtor's retributive campaign included, but was not limited to:

a.      engaging in unauthorized transfers of funds from Syndikos Investments' bank accounts to bank accounts that she controlled and that do not belong to Syndikos Investments;

b.      contacting Syndikos Investments' information-technology vendor to attempt to override her exile from the company's electronic-communication and business systems;

c.      after the company took measures to prevent further unauthorized withdrawals of funds from its bank accounts, contacting the banks at which such accounts are maintained in order to attempt to regain control of those accounts and to reacquire access to the company funds they contain;

d.      interfering with the company's merchant accounts, including causing all such accounts to be shut down for periods of time by supplying knowingly false information to the company's merchant-account vendor; and

e.      causing the vendor that supplies domain- and website-hosting services to remove the company's website from the internet by knowingly supplying false or otherwise incorrect or misleading information to that vendor.

19.     As a result of Debtor's aforementioned conduct, Syndikos Investments sought emergency injunctive relief from the Civil Division of the Court of Common Pleas of Butler County, Pennsylvania, through an action captioned <u>Syndikos Investments, LLC v. Melonie L. Kotchey, et al.</u>, docketed as case number AD 22-10744 (the "Butler County Action").  A true and correct copy of Syndikos Investments' Amended Complaint in the Butler County Action is annexed hereto as Exhibit 1.

20.     The causes of action that Syndikos Investments asserted against the Debtor in the Butler County Action include common-law conversion, tortious interference, and civil conspiracy, as well as violations of the United States' Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq.*  See Exhibit 1, ¶¶ 37-60.

21.     On September 30, 2022, the Court of Common Pleas of Butler County issued a preliminary injunction through which it ordered the Debtor to cease her bad-faith campaign of interfering with Syndikos Investments' business and electronic information systems.  A true and correct copy of that Order is annexed hereto as Exhibit 2.

22.     The Butler County Action remains pending, but is currently stayed due to the Debtor's bankruptcy filing.

*B.  Additional Misdeeds Discovered Following Filing Of Butler County Litigation*

23.     Since the Court of Common Pleas of Butler County issued its preliminary injunction in the Butler County Action, Syndikos Investments' investigation into the Debtor's conduct has uncovered additional instances in which she apparently engaged in intentional wrongful conduct.

i.  Compassionate Centers, LLC

24.     On January 23, 2018, the Debtor formed the Pennsylvania limited liability company Compassionate Centers, LLC.  The Commonwealth of Pennsylvania identifies that company as entity number 6658604.

25.     Upon information and belief, the Debtor selected the name "Compassionate Centers" for the company because of its confusing similarity to the trade name used by Syndikos Investments, and hoped that her misuse of company property would not be detected.

26.    After forming Compassionate Centers, LLC the Debtor registered the domain name <thcfreefoods.com> and created a website which she hosted at that domain and through which she sold certain health and wellness products owned and marketed by Syndikos Investments (the "THC Free Foods Website").

27.    Although Syndikos Investments' funds were used to acquire the products that Debtor marketed through the THC Free Foods Website, Syndikos Investments did not receive the proceeds of the sales that occurred through the website.

28.    Instead, Debtor directed those sales proceeds illicitly to her personal PayPal account.

29.    Through this arrangement, the Debtor appears to have misappropriated all of the funds received in connection with product sales that occurred through the THC Free Foods Website.

30.    While directing Syndikos Investments' employees to complete certain tasks that assisted her in establishing this arrangement, the Debtor sent them forged documents that she circulated in an apparent effort to cover her trail and stymie future inquiries into her misdeeds.

ii.  Additional Unlawful Activity

31.    Syndikos Investments' investigation into the Debtor's conduct also led to the detection of multiple instances, both before and after the Debtor was removed from her roles as managing member and CEO of the company, in which she knowingly misappropriated company funds.

32.    In the process of forming Compassionate Centers, LLC and establishing the THC Free Foods Website, the Debtor directed an employee of Syndikos Investments to link Syndikos

Investments' operating account to the Debtor's PayPal account, enabling (obviously) the Debtor

to transfer funds from Syndikos Investments to herself.

33.    At that time, the Debtor explained her rationale for that link by indicating that she

would utilize it in good faith in order to ensure that the company received compensation for the

products sold through the THC Free Foods Website.

34.    In reality, however, the Debtor created that link in the course of her multi-year

campaign to knowingly and wrongfully enrich herself to the detriment of Syndikos Investments

and its stakeholders.

35.    Through that campaign, the Debtor unlawfully took control of Syndikos

Investments' property on numerous occasions, utilizing the Debtor's access to company property

that she maintained as the company's managing member and CEO.

36.    One example of such conduct occurred on March 14, 2022, at which time the

Debtor wired to herself $24,000 from one of Syndikos Investments' checking accounts.

37.    The Debtor did not contemporaneously document any legitimate reason for that

transaction, which occurred in contravention of Syndikos Investments' financial policies and

procedures as well as Debtor's obligations as managing member pursuant to the Operating

Agreement and her obligations under Delaware's Limited Liability Company Act (the "LLC

Act").

38.    Another example of Debtor's campaign of misdeeds began in April 2022, when

she started to travel daily to each physical location of Syndikos Investments and retrieve the

daily cash receipts.

39.    Multiple Syndikos Investments employees witnessed the Debtor taking possession

of those cash receipts.

40.     She continued engaging in that practice until she was removed from involvement in the company's operations on September 13, 2022.

41.     None of the funds that the Debtor collected from the company's physical locations during that time period subsequently were deposited into a company bank account, and none were otherwise accounted for in Syndikos Investments' books and records.

42.     Based on company operational data for that time period, the Debtor appears to have unlawfully taken from Syndikos Investments at least $50,000 through those illicit collections.

43.     Separate and apart from the misappropriations described above, Syndikos Investments' bank account data is replete with additional instances in which the Debtor reimbursed herself for personal expenses such as repairs to her high-performance ski boat using company funds.  Those transactions occurred in contravention of the Operating Agreement and Syndikos Investments' financial policies and practices, and were in violation of the LLC Act.

44.     During the portion of 2022 before she was removed Debtor also treated herself to more than $1,000 in illegitimate reimbursements each month.

### COUNT I - § 523(a)(2)

45.     Syndikos Investments adopts and incorporates by reference herein its averments contained in paragraphs 1 – 44 set forth above.

46.     11 U.S.C. § 523 provides, in relevant part,

> (a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt—. . . .
> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition[.]

11 USCS § 523

47.     The Debtor actions described above were done knowingly, intentionally, and in

bad faith.

48.     The Debtor retained and/or used funds of Syndikos Investments for her own

personal benefit and for purposes other than those for which they were intended.

49.     The Debtor engaged in actual fraud and/or has uttered false representations, and

through such deceit, artifice, and trickery, all designed to cheat Syndikos Investments, has

deprived Syndikos Investments of its lawful property.

50.     In addition, or alternatively, the Debtor has gained property of Syndikos

Investments under false pretenses.

51.     As a direct result of Debtor's fraudulent, intentional, deliberate, and bad faith

actions, Syndikos Investments has sustained damages, including, but not limited to, loss of use of

the its funds and other property, attorneys' fees, court costs, and interest, the aggregate of amount

which will be determined at trial.

52.     The Debtor's actions constituted false representations, actual fraud, and/or false

pretenses within the meaning of 11 U.S.C. § 523(a)(2)(A) and caused Syndikos Investments to

incur damages, thereby creating indebtedness which should be found nondischargeable.

### COUNT II - § 523(a)(4)

53.     Syndikos Investments adopts and incorporates by reference herein its averments

contained in paragraphs 1 - 52 set forth above.

54.     11 U.S.C. § 523(a)(4) provides, in relevant part,

(a) A discharge under section 727 . . . of this title [does not discharge
an individual debtor from any debt—. . . .
(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or
larceny

9

11 USCS § 523.

55.    The Debtor's fraudulent actions (e.g., linking the Syndikos Investment bank accounts to her own and siphoning the funds for her personal use, and forging documents to deceive Syndikos Investments employees), amount to (i) the felonious taking of personal property with intent to convert it or deprive its proper owner of its use; and/or (ii) the taking of property which was entrusted to her in her capacity as an officer of Syndikos Investments and, with fraudulent intent, that she used and/or consumed for a purpose other than for which it was entrusted.

56.    Accordingly, such actions amount to larceny and/or embezzlement.

57.    As a direct result of Debtor's aforementioned fraud, embezzlement and/or larceny, Syndikos Investments has sustained damages, including, but not limited to, loss of use of the its funds and other property, attorneys' fees, court costs, and interest, the aggregate of amount which will be determined at trial.

58.    The Debtor's actions constituted larceny and/or embezzlement within the meaning of 11 U.S.C. § 523(a)(4) and caused Syndikos Investments to incur damages, thereby creating indebtedness which should be determined to be nondischargeable.

### COUNT III - § 523(a)(6)

59.    Syndikos Investments adopts and incorporates by reference herein its averments contained in paragraphs 1 – 58 set forth above.

60.    11 U.S.C. § 523(a)(6) provides, in relevant part,

> (a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt . . .
> (6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

11 U.S.C. §523(a)(6).

61.     Among other things, the Debtor knowingly, intentionally, and in bad faith, diverted to her own ends funds that were the lawful property of Syndikos Investments.

62.     Syndikos Investments believes the Debtor not only acted willfully and maliciously, but also intended the consequences of her actions to be injurious to Syndikos Investments, and/or believed that injury to Syndikos Investments was substantially certain to occur as a result of her actions.

63.     The Debtor's actions as described above were neither isolated nor aberrant. Rather, she carried out a willful and malicious campaign of knowing, bad-faith conduct that was motivated by rank self-interest, and which has caused substantial, ongoing injury, harm, and damages to Syndikos Investments.

64.     As a direct result of Debtor's aforementioned willful and malicious conduct, Syndikos Investments has sustained damages, including, but not limited to, loss of use of the its funds and other property, attorneys' fees, court costs, and interest, the aggregate of amount which will be determined at trial.

65.     The Debtor's actions were willful and malicious, and were injurious to Syndikos Investments within the meaning of 11 U.S.C. § 523(a)(6, thereby creating indebtedness which should be determined to be nondischargeable.

66.     In accordance with Rule 7008 of the Federal Rules of Bankruptcy Procedure, Syndikos Investments consents to the entry of judgment and final orders by the Bankruptcy Court.

WHEREFORE, Syndikos Investments respectfully prays that this Honorable Court find in its favor and against the Debtor pursuant to Counts I, II and III, as follows:

(a)     Enter judgment in favor of Syndikos Investments against the Debtor;

(b)      Award damages to be determined at trial, plus post judgment interest, costs

and attorney's fees;

(c)      Declare, pursuant to 11 U.S.C. § 523(a)(2(A), all indebtedness to be

nondischargeable as a result of the Debtor's actual fraud, false pretenses,

and/or false representations;

(d)      Declare, pursuant to 11 U.S.C. §523(a)(4), all indebtedness to be

nondischargeable as a result of the Debtor's larceny and/or embezzlement;

(e)      Declare, pursuant to 11 U.S.C. §523(a)(6), all indebtedness to be

nondischargeable as a result of the willful and malicious acts of the Debtor

that resulted in injury to Syndikos Investments; and

(f)      Grant such other and further relief as the Bankruptcy Court deems just,

equitable, and proper.

Respectfully submitted,

Dated: January 10, 2023                     STONECIPHER LAW FIRM

BY:      */s/ Ronald B. Roteman*
Ronald B. Roteman, Esquire
PA ID No. 66809
125 First Avenue
Pittsburgh, PA 15222
412-391-8510
rroteman@stonecipherlaw.com